WALTER J. ROTHSCHILD, Judge.
| ^Defendant, Teamworks USA, Inc. (“TeamWorks”), appeals the October 3, 2011 judgment of the worker’s compensation court, which was rendered after this Court remanded the case for further proceedings following the first appeal in this matter. For the following reasons, we affirm in part and reverse in part.
FACTS AND PROCEDURAL HISTORY[1]
Following Hurricane Katrina in 2005, the claimant, Martin Manning, was recruited by TeamWorks to perform temporary work for PFG-Caro Foods (“Caro”), which is a food product delivery service. On November 19, 2005, while working as a delivery truck driver, Mr. Manning suf *1112 fered injuries to his back, neck, and jaw/ teeth when he slipped and fell while making a delivery to a Popeye’s Famous Fried Chicken restaurant.
|aOn November 16, 2006, Mr. Manning filed a Disputed Claim for Compensation against TeamWorks and its insurer. He amended his worker’s compensation claim on June 18, 2007 to add Caro as a defendant.
On January 19, 2010, counsel for the claimant filed a Motion for Partial Dismissal without Prejudice as to TeamWorks and its insurer, Travelers Indemnity Company (“Travelers”), asking for dismissal of all claims as to those defendants only, without prejudice. Trial was held the next day, January 20, 2010. At the outset, counsel for the claimant announced that her client wished to dismiss TeamWorks and Travelers without prejudice. The court orally granted the motion to dismiss.
Immediately thereafter, counsel for Caro filed a peremptory exception of prescription. He argued that the claim on its face was prescribed as to Caro, because although the suit was filed timely against TeamWorks, TeamWorks was never the claimant’s employer and should not have been part of the suit, so the addition of Caro after the one-year anniversary could not relate back to the original filing date of the claim.
After an off-the-record discussion with counsel, the worker’s compensation judge rescinded the granting of the motion to dismiss due to the issue raised by the exception of prescription. Trial proceeded that day.[2] The second day of trial was held on May 12, 2010.
On August 10, 2010, the worker’s compensation judge issued a judgment finding that the claimant had a work-related accident on November 19, 2005. However, the judge also granted the claimant’s motion to dismiss TeamWorks, | ¿granted the exception of prescription filed by Caro, and dismissed the case. Claimant appealed.
In the first appeal, the claimant raised the following four assignments of error:
1. The trial court erred in failing to order Caro to pay medical benefits and failing to assess penalties and attorney fees against Caro for its termination of medical benefits and non-payment of medical bills.
2. The trial court erred in granting the Exception of Prescription in favor of Caro, when a claim had been timely filed and served in Maryland and a new claim filed within the one-year period after the Maryland claim was dismissed.
8. The trial court erred in granting Caro’s Exception of Prescription when the claimant had timely filed a tort suit in relation to the accident and injuries involved herein.
4. The trial court erred in dismissing TeamWorks pursuant to Claimant’s Motion to Dismiss TeamWorks, when claimant had already withdrawn the motion and the Court had already denied the motion.
After considering the claimant’s first assignment of error and the opposition thereto, this Court held that the worker’s compensation court erred in failing to order Caro to pay medical benefits and in failing to assess penalties and attorney’s fees against Caro. This Court remanded *1113 the case to address these issues. Manning v. PFG-Caro Foods, 10-1014, p. 18 (La.App. 5 Cir. 6/14/11), 71 So.3d 981, 993.
After considering the claimant’s second and third assignments of error, this Court concluded that the worker’s compensation judge was clearly wrong and erred as a matter of law in finding that the claim against Caro was prescribed. Id. at 23, 71 So.3d at 995.
Finally, after considering the claimant’s fourth assignment of error, this Court found that the worker’s compensation judge erred in granting the motion to dismiss TeamWorks when the claimant had withdrawn the motion on the first day of trial. This Court further noted that due to the dismissal of TeamWorks and Caro Isfrom the case, the worker’s compensation court never considered the merits of the claimant’s case for indemnity benefits. Accordingly, this Court ordered the worker’s compensation court on remand to address the evidence concerning the claimant’s injuries and disability, and rule thereon. Manning, 10-1014 at 24, 71 So.3d 996.
On remand, the case came before the worker’s compensation court for hearing on August 18, 2011. No additional testimony was taken, but TeamWorks filed a Certificate of Insurance into the record and five joint stipulations were submitted. The worker’s compensation judge allowed the parties additional time to submit mem-oranda to the court and thereafter took the matter under advisement.
On October 3, 2011, the worker’s compensation judge issued a judgment providing as follows:
1) Caro and TeamWorks are both employers of the claimant.
2) The claimant had a work-related accident on November 19, 2005, while he was employed by Caro and TeamWorks.
3) The claimant was disabled and remains disabled from his employment with Caro and TeamWorks as a result of the accident.
4) The average weekly wage should be calculated using an hourly wage of $17.80 plus overtime for the four weeks preceding the accident.
5) Caro and TeamWorks are solidarity liable for indemnity benefits in the amount of $454.00 per week from December 15, 2005 until present and continuing.
6) Caro and TeamWorks must pay further indemnity benefits to the claimant until and unless it is determined that he is no longer eligible for indemnity benefits.
7) Caro and TeamWorks must pay all past due medical bills, including $2,709.36 in bills that had been submitted.
8) Caro and TeamWorks must authorize treatment with the claimant’s choice of treating physician.
9) Defendants did not reasonably controvert claimant’s entitlement to worker’s compensation benefits.
IfilO) Caro and TeamWorks must pay penalties of $8,000.00 for their refusal to pay for medical expenses, medication, indemnity benefits, travel expenses, and vocational rehabilitation expenses.
11) Defendants shall pay all medical expenses, medication expenses, indemnity benefits, travel expenses, and vocational rehabilitation expenses for the accident of November 19, 2005.
12) Caro and TeamWorks must pay attorney fees to the claimant’s counsel in the amount of $20,000.00.
*1114 TeamWorks appeals the October 3, 2011 judgment of the worker’s compensation court.

DISCUSSION

In the present appeal, TeamWorks has set forth six assignments of error for this Court’s consideration. The first two assignments of error are related and can be addressed together. In its first assignment of error, TeamWorks asserts that the trial court erred when it found Team-Works to be an employer or co-employer of the claimant. In its second assignment of error, TeamWorks contends that the trial court erred in finding that 'Team-Works was responsible, in solido, with Caro for the claimant’s workers’ compensation benefits.
TeamWorks argues that it never hired the claimant and was never his employer, but it simply acted as a “head hunter.” It claims that Caro was at all times the direct employer of the claimant and should be solely responsible for his worker’s compensation benefits.
The claimant responds that the worker’s compensation court correctly found that TeamWorks was a co-employer of the claimant at the time of the accident and was liable in solido with Caro for his worker’s compensation benefits. He contends that the evidence makes it abundantly clear that TeamWorks was a general (lending) employer and Caro was a special (borrowing) employer, thus making both parties liable, jointly and solidarily, for his claim.
|7In Caro’s brief on appeal, it argues that TeamWorks is precluded from raising the issues of co-employment and solidary liability with Caro in this second appeal, because it did not seek a rehearing or apply for a writ of certiorari with the Louisiana Supreme Court after this Court found that TeamWorks and Caro were co-employers and solidarily liable to the claimant.
After the first trial, the worker’s compensation judge dismissed TeamWorks pursuant to the claimant’s motion to dismiss and dismissed Caro pursuant to its exception of prescription. On appeal, after discussing the law pertaining to solidary obligors, this Court found that Caro’s exception of prescription had been improperly granted. Thereafter, when discussing the dismissal of TeamWorks, this Court noted:
The effect of the dismissal of Team-Works was to eliminate the party with whom Caro was solidarily liable, thus preventing the late addition of Caro to the Louisiana worker’s compensation claim from relating back to the original filing date.
Manning, 10-1014 at 28, 71 So.3d 995-996.
After reviewing all of the testimony and evidence presented in the first trial, including ample evidence pertaining to whether or not TeamWorks was an employer of the claimant, this Court rendered an opinion finding that the worker’s compensation court erred by dismissing both TeamWorks and Caro from the claimant’s lawsuit. Based on the language contained therein, the effect of this Court’s holding in its previous opinion was to find that TeamWorks was in fact solidarily liable with Caro for the claimant’s worker’s compensation benefits. TeamWorks did not seek review of this Court’s decision by applying for a rehearing with this Court or applying for a writ of certiorari from the Louisiana Supreme Court. See LSA-C.C.P. art. 2166(A). Thus, the finding that TeamWorks was solidarily liable with Caro became final.
IsWe further note that in remanding this case to the worker’s compensation court, this Court provided instructions on what issues would be addressed on remand, af *1115 ter considering the specific assignments of error asserted by the claimant on appeal. The issue of TeamWorks’ liability or lack thereof was not an issue to be addressed on remand.
Accordingly, for the reasons provided, we find that TeamWorks is precluded from raising the issues of co-employment and solidary liability with Caro in this second appeal. Thus, the merits of the first two assignments of error set forth by Team-Works will not be addressed.
TeamWorks’ third and fourth assignments of error can also be addressed together. In its third assignment of error, TeamWorks asserts that the worker’s compensation court erred in failing to recognize that TeamWorks’ responsibility for worker’s compensation benefits was governed by the contract between Team-Works and Caro. In its fourth assignment of error, TeamWorks contends that the worker’s compensation court erred when it failed to recognize that TeamWorks was an additional insured on Caro’s worker’s compensation insurance policy.
TeamWorks avers that it cannot be held responsible for the claimant’s worker’s compensation benefits, because the contract between Caro and TeamWorks provided that Caro was responsible for “all payroll, benefits, and applicable liability insurance” for the drivers. It also asserts that TeamWorks was listed as an additional insured on Caro’s worker’s compensation insurance policy, so Caro is responsible for payment of all benefits.
The claimant responds that the worker’s compensation court was correct in failing to recognize the terms of the contract between TeamWorks and Caro, because his claim is governed by Louisiana Worker’s Compensation Statutes, not |aby a private contract between TeamWorks and Caro to which the claimant is not a party.
As stated above, the issue of Team-Works’ liability or lack thereof was not an issue to be addressed on remand. Rather, after this Court found that the worker’s compensation court erred in granting the motion to dismiss TeamWorks, it noted that the merits of the claimant’s case for indemnity benefits had never been addressed. This Court ordered the worker’s compensation court on remand to address the evidence concerning the claimant’s injuries and disabilities. At no time did this Court remand for consideration of or additional evidence pertaining to TeamWorks’ liability. Thus, we find that the issues raised in the third and fourth assignments of error are beyond the scope of the remand instructions and not properly before us in this proceeding.
The final two assignments of error can also be addressed together. In its fifth assignment of error, TeamWorks asserts that the worker’s compensation court erred when it found there was no reasonable basis for TeamWorks to controvert Mr. Manning’s entitlement to worker’s compensation benefits. In its sixth assignment of error, TeamWorks contends that the worker’s compensation court erred when it found that the claimant was entitled to penalties and attorney fees from TeamWorks.
After the initial trial in this matter, the worker’s compensation judge dismissed both Caro and TeamWorks from this case. In the first appeal, Mr. Manning argued that the worker’s compensation court erred in failing to assess penalties and attorney fees against Caro for its termination of medical benefits and nonpayment of medical bills, pursuant to LSA-R.S. 23:1201. On remand, the worker’s compensation court was instructed to address the assessment of penalties and attorney’s fees against Caro, not Team-Works. Thus, it was beyond the scope *1116 110of the instructions on remand for the worker’s compensation court to address whether TeamWorks reasonably controverted Mr. Manning’s claim and to specifically assess penalties and attorney fees against TeamWorks. Accordingly, we reverse and vacate the order of penalties and attorney’s fees against TeamWorks.

DECREE

For the foregoing reasons, we affirm the ruling of the worker’s compensation court finding TeamWorks solidarily liable for the claimant’s benefits, because this issue has been previously addressed and decided. We reverse and vacate the order of penalties and attorney fees against TeamWorks, because this assessment is beyond the scope of the issues to be addressed on remand.

AFFIRMED IN PART; REVERSED IN PART.

. A thorough recitation of the facts and procedural history prior to the first appeal is set forth in this Court’s opinion in Manning v. PFG-Caro Foods, 10-1014 (La.App. 5 Cir. 6/14/11), 71 So.3d 981.

. After the first day of testimony, the trial recessed until a later date to allow for marshaling of other evidence and for counsel to submit memoranda pertaining to Caro's exception of prescription. On March 17, 2010, the worker’s compensation judge issued a judgment denying Caro’s exception of prescription. The judgment also dismissed Travelers from the lawsuit pursuant to Travelers' Motion for Summary Judgment.